UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,

        Plaintiff,

v.

Lorenzo Buckingham, Sr.,

        Defendant.

Case No. 3:19-cr-597

MEMORANDUM OPINION
AND ORDER

### I. INTRODUCTION AND BACKGROUND

Defendant Lorenzo Buckingham, Sr., who currently is incarcerated at Federal Prison Camp Morgantown, located in Morgantown, West Virginia, seeks an order granting him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 118). The government filed a brief in response. (Doc. No. 119). Buckingham did not file a brief in reply.

On October 2, 2019, Buckingham and three co-defendants were indicted on one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846. (Doc. No. 1 at 1-2). Buckingham was subject to an enhanced penalty provision because he had a prior qualifying § 846 conviction. (*Id.* at 3). Buckingham subsequently pled guilty, and I sentenced him to a term of 120 months in prison and 5 years of supervised release. (Doc. Nos. 95 and 107). Buckingham did not appeal.

Buckingham now moves for an order reducing his sentence to time served or converting the remainder of his sentence to one of home confinement. (Doc. No. 118 at 1). Buckingham asserts he suffers from a "severe degenerative disc disease and sciatica." (*Id.*). He alleges this condition

"causes severe and unrelenting pain" and that the efforts of the Federal Bureau of Prisons (the "BOP") to treat his condition through medication have not been effective. (*Id.* at 2).

## II. ANALYSIS

The First Step Act of 2018 amended the circumstances under which a court may order a defendant's compassionate release from incarceration. While previously a court could modify the defendant's compassionate release only after the Director of the BOP filed a motion for release, the First Step Act now permits a defendant to file a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

While Buckingham asserts he complied with the exhaustion requirement, it is not clear he has in fact done so. He offers evidence that he submitted an administrative request for compassionate release on April 26, 2023, which was denied on May 15, 2023. (Doc. No. 118-1 at 1). But this request raises only the "medical conditions of type 2 diabetes and high blood pressure" and makes no mention at all of a degenerative disc condition or sciatica. (*Id.*). It is doubtful that a seven-month-old administrative filing which does not raise the medical conditions presently at issue fulfills Congress' intent behind § 3582(c)'s exhaustive requirement. But even if I assume Buckingham has sufficiently exhausted his administrative remedies, he fails to establish there are extraordinary and compelling reasons to justify compassionate release.

"The compassionate release provision permits the district court to reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons' warrant a reduction; that a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and that the § 3553(a) factors, to the extent they apply, support a reduction." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)). The district court also must

consider all relevant § 3553(a) factors to determine whether those factors would support a modified or reduced sentence. *United States v. Jones*, 980 F.3d 1098, 1114-15 (6th Cir. 2020). "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108).

Buckingham asserts "[t]he BOP's inability to properly treat Defendant's unique medical condition and no coherent plan for further care is an 'extraordinary and compelling circumstance' that provides this Court the grounds to grant the motion." (Doc. No. 118 at 2). But, as the government points out, Buckingham did not offer any evidence that he in fact suffers a degenerative disc disease or sciatica, either in support of his motion or as an attachment to his reply brief. (*See* Doc. No. 119 at 4).

It is Buckingham's burden to establish there are extraordinary and compelling reasons to justify relief, but he has failed to carry it. *See, e.g., United States v. Inman*, 583 F. Supp. 3d 1117, 1122 (M.D. Tenn. 2022) ("Defendant bears the burden to persuade the Court to make such a determination.") (citing *United States v. Shabudin*, 445 F. Supp. 3d 212, 214 (N.D. Cal. May 12, 2020) and *United States v. Crouch*, No. 5:19-CR-00029-TBR, 2020 WL 1963781, at *3 (W.D. Ky. Apr. 23, 2020); *United States v. DeJournett*, No. 5:13-CR-513-1, 2024 WL 1580102, at *5 (N.D. Ohio Apr. 11, 2024) (denying motion for compassionate release because defendant "failed to carry his burden of demonstrating that he is not being provided with the specialized medical care that he requires").

### III. CONCLUSION

For these reasons, I deny Buckingham's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 118).

So Ordered.

                                         s/ Jeffrey J. Helmick
                                         United States District Judge