UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,   Case No. 3:19-cr-597

        Plaintiff,

    v.   ORDER

Lorenzo Buckingham, Sr.,

        Defendant.

       Defendant Lorenzo Buckingham, Sr. filed a motion for reconsideration of my Memorandum Opinion and Order denying his motion for compassionate relief. (*See* Doc. Nos. 120 and 122). Buckingham contends I should alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 122 at 2). But that rule requires a party to file a motion to alter or amend a judgment within 28 days after the entry of that judgment. Fed. R. Civ. P. 59(e). Buckingham filed his Rule 59(e) motion on January 6, 2025, more than seven months after the entry of my May 29, 2024 decision denying his motion for compassionate release. Buckingham offered no explanation for the delay, and I conclude his motion must be denied because it was not filed prior to the 28-day deadline.

       Moreover, even if I were to consider his motion, Buckingham would not be entitled to relief. The party filing a Rule 59(e) motion must demonstrate there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006). Buckingham

argues there was a clear error of a law as well as a need to prevent manifest injustice. (Doc. No. 122 at 2). He claims his trial counsel failed to file his Bureau of Prisons medical records, that "the Court and Government[] could have simply in good faith contact[ed] FPC Morgantown Health Services Department and requested Buckingham's medical records," and that the government bears "the 'burden of proof'" to verify Buckingham's claims about his medical conditions. (*Id.* at 2-3). He also argues "this Court was completely aware of Buckingham's medical conditions verifying degenerative disc disease and Sciatica" because he was permitted to attend medical appointments to receive treatment for those conditions before reporting to the Bureau of Prisons. (*Id.* at 2).

But my previous knowledge of some of Buckingham's medical conditions does not provide a basis for compassionate release. Section 3582(c) requires that "extraordinary and compelling reasons warrant . . . a [sentence] reduction" at the time the defendant files a motion. 18 U.S.C. § 3582(c)(1)(A)(i). The fact that Buckingham received treatment for certain medical conditions in 2021 does not establish extraordinary and compelling reasons to justify a sentence reduction in 2023. (*See* Doc Nos. 115 and 118).

Moreover, Buckingham's statements that the government was required to verify his medical claims, and that this Court or the government should have sought to obtain his medical records, are not supported by the law. As the Sixth Circuit has made clear, "a court must deny a defendant's motion <u>if the defendant fails to show</u> either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (emphasis added).

Buckingham again fails to offer evidence to support his request for compassionate release. Therefore, I deny his request for the appointment of counsel and deny his motion for reconsideration.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge